IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALFRED G. MURPHY,<br><br>        Plaintiff,<br><br>   v.<br><br>JUDGE PETERS, *et al.*,<br><br>        Defendants. | Case No. 4:22-cv-00008-SLG-KFR |

**SCREENING ORDER AND**

**REPORT AND RECOMMENDATION REGARDING COMPLAINT**

On April 8, 2022, Alfred G. Murphy, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

**SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dkts. 1-3.

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[4]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so

---

[2] 28 U.S.C. § 1915A.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[4] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR            Page 2 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 2 of 11

would be futile.[5] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[6]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Superior Court Judge Peters, Public Defender Daniel Miznoff, and a Clerk of Court.[7] Plaintiff sues Defendants in their individual capacities.[8]

In Claim 1, Plaintiff alleges Defendant Peters "lied to me about not receiving any of his letters and documents."[9]

In Claim 2, Plaintiff alleges that Defendant Miznoff did not do his job to help Plaintiff with his case and did not let Plaintiff see his discovery. Generally, Plaintiff appears dissatisfied with how Defendant Miznoff handled plea negotiations and stated that Defendant Miznoff "seems to be going against me with my case."[10]

---

[5] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[6] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[7] Dkt. 3 at 2.
[8] *Id.*
[9] Dkt. 1 at 3.
[10] *Id.* at 4.

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR                                Page 3 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 3 of 11

In Claim 3, Plaintiff alleges that Defendant Clerk of Court also did not do her job, lied about having documents on file, and did not give Plaintiff all his court papers.[11]

For relief, Plaintiff indicates that he wants money damages from each defendant, but does not provide an amount. He also appears to seek injunctive relief by requesting an order "requiring all charges be dismissed."[12] Plaintiff does not indicate whether or not he demands a trial by jury.[13] Though Plaintiff sues Defendants in their individual capacities, he does not specify the amount of damages that he seeks.

The Court takes judicial notice of Plaintiff's pending state criminal matter.[14] In *State of Alaska v. Alfred Murphy*, Case No. 4EM-20-00190-CR, the State of Alaska charged Plaintiff with two counts of Assault in the Second

---

[11] *Id.* at 5. Plaintiff does not identify a particular person as a party, only the "Clerk of Court." In Claim 3, Plaintiff goes on to state the "Bethel Clerk of Court," but still does not identify a person.
[12] *Id.* at 2, 8.
[13] *Id.*
[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR                                     Page 4 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 4 of 11

Degree, two count of Sexual Assault in the First Degree, and one count of Coercion. A calendar call is scheduled for June 22, 2022. [15]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Title 42, United States Code, Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[16] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[17]

To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[18] Furthermore, a defendant must be eligible for suit. None of the individuals sued by Plaintiff

---

[15] *State of Alaska v. Alfred Murphy*, Case No. 4EM-20-00190-CR ("Party Charge Information" & "Events").

[16] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR                    Page 5 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 5 of 11

in this case are proper defendants under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

### a. Defendant Miznoff

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[19] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[20] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[21] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[22]

Defendant Miznoff is an attorney with the State of Alaska Public Defender Agency assigned to represent Plaintiff in his pending criminal case.

---

[19] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).
[20] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).
[21] *Id.*
[22] *Polk County*, 454 U.S. at 318-19.

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR        Page 6 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 6 of 11

Plaintiff seeks unspecified damages and injunctive relief from Defendant Miznoff. As court appointed counsel to an indigent defendant, Defendant Minzoff is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### b. Defendant Judge Peters

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[23] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[24] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[25]

---

[23] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."
[24] 42 U.S.C. § 1983.
[25] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR                               Page 7 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 7 of 11

Defendant Peters is a judicial officer in the Alaska Superior Court. Plaintiff seeks unspecified money damages, as well as injunctive relief due to Defendant Peters's alleged lie to Plaintiff. While Defendant Peters, in theory, could grant or respond to the requested injunctive relief, Defendant Peters is bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and his duty as a judicial officer to preside over criminal cases in Alaska Superior Court. Any remarks Defendant Peters may have made while presiding over Plaintiff's hearing, to include purported misstatements about the receipt of Plaintiff's documents, are acts performed in his official capacity. As a judicial officer acting in his official capacity, Defendant Peters is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### c. Defendant Clerk of Court

A court clerk is a state actor. However like judges, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."[26] A mistake does not abrogate this immunity even if it results in "grave

---

[26] *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR        Page 8 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 8 of 11

procedural errors."[27] The Court of Appeals for the Ninth Circuit has held that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief."[28]

Defendant Clerk of Court is a court clerk in the Alaska Court System. Plaintiff seeks relief due to Defendant Clerk of Court's alleged actions in his pending criminal case regarding the handling of documents. As a court clerk performing administrative tasks that are part of Plaintiff's ongoing state court criminal matter, Defendant Clerk of Court is immune from suit as a matter of law. Therefore, she cannot be sued under 42 U.S.C. § 1983.

## **CONCLUSION**

Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[29]

---

[27] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).
[28] *Mullis*, 828 F.2d at 1394.
[29] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR  Page 9 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 9 of 11

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[30]

4. The Clerk of Court should issue a final judgment.

DATED this 22nd day of June, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For

---

[30] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR                                    Page 10 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 10 of 11

dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[31] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[32]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[33] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[34]

---

[31] 28 U.S.C. § 636(b)(1)(B).
[32] 28 U.S.C. § 636(b)(1)(C).
[33] *Id.*
[34] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Screening Order
*Murphy v. Peters et al*
4:22-cv-00008-SLG-KFR     Page 11 of 11
Case 4:22-cv-00008-SLG-KFR   Document 5   Filed 06/22/22   Page 11 of 11