# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALFRED G. MURPHY,

              Plaintiff,

    v.

JUDGE PETERS, *et al.*,

             Defendants.

Case No. 4:22-cv-00008-SLG

## ORDER RE: MOTION FOR ATTESTATION

Before the Court at Docket 8, self-represented prisoner, Alfred G. Murphy ("Plaintiff") has filed a post-judgment *Motion for Attestation*. The Motion for Attestation requests, "I would like my civil rights reamended. Due to failing to put civil action amount of damage."[1] Plaintiff includes two affidavits in support of the *Motion for Attestation* where he reiterates his disagreements with Defendants—Judge Peters, Public Defender Daniel Mizinoff, and the Bethel Clerk of Court—and requests $10,000,000.00 in damages from each defendant.[2] Plaintiff also provides two pages of argument addressing "consistency and law."[3]

In a brief summary of the relevant procedural history, Plaintiff filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983, which was

---

[1] Docket 8 at 1.

[2] Docket 8 at 3–4.

[3] Docket 8 at 5–6.

referred and screened by Magistrate Judge Reardon.[4]  Judge Reardon found that Plaintiff failed to state a claim, because Defendants were ineligible for suit under Section 1983 and recommended dismissal with prejudice.[5]  This Court reviewed and adopted Judge Reardon's Report and Recommendation and a final judgment issued on August 16, 2022.[6]  Plaintiff filed his post-judgment *Motion for Attestation* on September 2, 2022.[7]

In order for a federal district court to alter or amend a final judgment, a Court must evaluate Plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."[8]  The Rule grants a district court an opportunity to '"to rectify its own mistakes in the period immediately following' its decision."[9]  Rule 59(e) does not prescribe "specific grounds for a motion to amend or alter[;]" thus, "the district court enjoys considerable discretion in granting or denying the motion."[10]  However, relief under Rule 59(e) is granted

---

[4] Dockets 1 & 5.

[5] Docket 5 at 5–9.

[6] Dockets 6 & 7.

[7] Docket 8.

[8] Fed. R. Civ. P. 59(e).

[9] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982).

[10] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted).

Case No. 4:22-cv-00008-SLG, *Murphy v. Peters, et al.*
Order Re: Motion for Attestation
Page 2 of 4
Case 4:22-cv-00008-SLG-KFR   Document 9   Filed 09/22/22   Page 2 of 4

in only "highly unusual circumstances," because amending a judgment after entry is "an extraordinary remedy to be used sparingly[.]"[11]

Generally, there are four grounds for relief under Rule 59(e): (1) to correct a court's manifest error of law or fact; (2) "newly discovered or previously unavailable evidence"; (3) to prevent "manifest injustice"; or (4) or because of an "intervening change in controlling law."[12] A party should not be using Rule 59(e) to present new arguments or evidence that could have been reasonably raised earlier.[13] Moreover, a party "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"[14]

Here, Plaintiff's *Motion for Attestation* 1) attempts to amend his Complaint by specifying the damages sought against each defendant; and 2) reiterates his disagreements with Defendants.[15] As a threshold matter, a litigant may not amend a complaint after a final judgment.[16] While Plaintiff is correct that he did not specify the amount of damages sought in his Complaint,[17] this does not change the

---

[11] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

[12] *Allstate Ins. Co.*, 634 F.3d at 1111.

[13] *Id*. at 1112.

[14] *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (citation and internal quotation marks omitted).

[15] Docket 8 at 1–3.

[16] *See generally* Fed. R. Civ. P. 15(a); *see also* Fed. R. Civ. P. 58–60.

[17] Docket 1 at 2 & 8; Docket 5 at 4.

Case No. 4:22-cv-00008-SLG, *Murphy v. Peters, et al.*
Order Re: Motion for Attestation
Page 3 of 4
Case 4:22-cv-00008-SLG-KFR   Document 9   Filed 09/22/22   Page 3 of 4

controlling legal analysis—all Defendants are immune for suit under Section 1983.[18] Plaintiff's additional arguments request "consistency and law," which liberally construed, discuss Plaintiff's concerns with his current counsel and that the law is being inconsistently applied in his ongoing state court criminal proceeding, *State of Alaska v. Alfred Murphy*, Case No. 4EM-20-00190CR.[19] Plaintiff does not allege or otherwise argue any of the four grounds for relief under Rule 59(e). Instead, the *Motion for Attestation* disagrees with the Court's decision and reiterates Plaintiff's prior allegations. Accordingly, Plaintiff raises no grounds that merit the extraordinary relief amending or altering the judgment in this action. Therefore, the *Motion for Attestation* at Docket 8 is **DENIED**.

**IT IS SO ORDERED.**

DATED this 22nd day of September, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] Dockets 5 & 6 (Recommended and adopted analysis that public defenders are not state actors under Section 1983 and that judges and clerks of court are immune from suit. *See Polk Ctny v. Dodson*, 454 U.S. 312, 325 (1981) (establishing that a public defender is not a state actor pursuant to Section 1983); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (explaining the functions of judicial immunity); 42 U.S.C. § 1983 (prohibiting suits against judicial officers); *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (extending quasi-judicial immunity to court clerks).

[19] Docket 8 at 5–6. The Court takes judicial notice of Plaintiff's ongoing state court criminal matter. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Case No. 4:22-cv-00008-SLG, *Murphy v. Peters, et al.*
Order Re: Motion for Attestation
Page 4 of 4
Case 4:22-cv-00008-SLG-KFR   Document 9   Filed 09/22/22   Page 4 of 4